UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANCES ZITO-BAIR,

    Plaintiff,

v.	Case No.: 8:05-CV-967-T-MAP

JO ANNE BARNHART,
Commissioner of
Social Security,

    Defendant.
_____/

**ORDER**

Pursuant to 42 U.S.C. §1383(c)(3), the Plaintiff seeks judicial review of the Defendant's decision denying her claim for Supplemental Security Income (SSI) benefits.[1] She asserts the ALJ erred by: 1) failing to properly evaluate her complaints of pain; 2) failing to properly assess her residual functional capacity; 3) improperly evaluating the demands of her past work; 4) finding she does not have a severe mental impairment; 5) failing to consider her impairments in combination; and 6) failing to consider her obesity. After consideration, I find the Administrative Law Judge (ALJ) followed the regulatory scheme and his findings are supported by substantial evidence. Accordingly, Plaintiff's complaint is dismissed and judgment is entered for the Defendant.

    *A. Background*

Plaintiff alleges a disability onset date of May 10, 1999, when she slipped and fell on a wet floor at work injuring her right leg, hip, wrist, lower back, and jaw. She also alleges depression.

---

[1] The parties have consented to my jurisdiction. *See* 28 U.S.C. § 636(c). (doc. 7).

She graduated from high school, attended four years of college, and has work experience at a grocery store, bread store, fast food restaurant, deli and as a licensed practical nurse.[2] After an administrative hearing on May 12, 2003, the ALJ concluded she could return to her past relevant work as a cashier or deli manager. Thereafter, the appeals council denied review of the ALJ's decision, and the Plaintiff filed suit in this court.

### B. *Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, has established a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Thus, the Commissioner must determine in sequence the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation process requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education and work experience. A claimant is entitled to benefits only if unable to perform other work. *See* 20 C.F.R. §416.920(f); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

In reviewing the ALJ's findings, this court must ask if they are supported by substantial

---

[2] The ALJ accurately reports Plaintiff's medical history and I adopt that portion of his decision for purposes of this report and recommendation. (R.16-19).

evidence. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971). Even if the evidence presented weighs against the Commissioner's decision, it must be affirmed if supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). "Substantial evidence is more than a scintilla, but less than a preponderance." *Richardson*, 402 U.S. at 401. "It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth*, 703 F.2d at 1233. If supported by substantial evidence, findings of the Commissioner are conclusive. 42 U.S.C. § 405(g).

  *C. Discussion*

    *1. complaints of pain*

Plaintiff argues the ALJ erred by failing to apply the Eleventh Circuit's pain standard. This test requires the ALJ to consider: 1) evidence of an underlying medical condition and either (a) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (b) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Foote v. Chater,* 67 F.3d 1553, 1560-61 (11th Cir. 1995); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). The test is based on Social Security regulation 20 C.F.R. § 416.929 that dictates the Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. "Objective evidence" means medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. § 404.928-929. "Other evidence," as that term is used here, includes evidence from medical sources, medical history, and statements about treatment the claimant has received. *See* 20 C.F.R. § 416.912(b)(2)-(6).

I find the ALJ properly applied the *Holt* standard and his decision is supported by substantial evidence. Although the ALJ does not specifically cite the three-part test identified in *Holt,* he does cite to 20 C.F.R. § 416.929 which essentially contains the same language. This, taken as a whole with the ALJ's findings that the objective medical tests, Plaintiff's job search, and medical records indicating "well controlled" pain and improving lumbar radiculitis show the ALJ applied the correct pain standard. *See Wilson v. Barnhart*, 284 F.3d 1219 (11th Cir. 2002) (finding ALJ properly applied the Eleventh Circuit's pain standard even though he did not cite or refer to the three-part test).

### 2. *residual functional capacity*

Plaintiff next claims the ALJ's residual functional assessment was not based on substantial evidence. In particular, Plaintiff complains the ALJ erred by dismissing her necessity to walk with a cane since there was no medical evidence showing a cane was needed. She asserts the ALJ should have found her unable to walk due to her difficulty ambulating. Although the medical records confirm Plaintiff's ambulation problems, the ALJ's residual functional capacity assessment that she is capable of standing or walking for six hours in an eight hour work day is consistent with both treating Dr. Chen's opinions (R. 165) and the state agency physical residual functional capacity assessment (R. 264-269). Accordingly, I find substantial evidence supports the ALJ's residual functional capacity assessment.

### 3. *physical and mental demands of past work*

Plaintiff asserts the ALJ erred by failing to make fact findings as to the physical and mental demands of her past work as a cashier and deli manager before concluding she was capable of returning to these jobs. A claimant's own description of the duties involved in her former job are

generally sufficient for determining the exertional and nonexertional demands of her past relevant work.  S.S.R. 82-62.  A claimant will be found "not disabled" when it is determined that she retains the RFC to perform the actual functional demands and job duties of a particular past relevant job. 20 C.F.R. § 416.920(e).  At step four of the sequential analysis, the claimant bears the burden of establishing that she cannot return to her past kind of relevant work.  20 C.F.R. § 416.920(e); *Jackson v. Brown*, 801 F.2d 1291, 1293-1294 (11th Cir. 1986).  The ALJ, in effect, determined that the claimant had not met her burden.  After reviewing the record, there is substantial evidence to support the ALJ's decision.

*4. severe mental impairment*

Plaintiff maintains the ALJ erred in concluding her depression was not a severe mental impairment.  However, her most recent evaluation by psychologist Henry Tenenbaum indicated that she was able to drive herself to the appointment, reported socializing and playing bingo.  In turn, the psychologist opined she was capable of managing her own funds and a "good candidate for the Department of Vocational Rehabilitation."  (R. 275)  Prior to that evaluation, Plaintiff underwent an independent psychiatric evaluation by Howard Goldman on April 17, 2000.  Dr. Goldman opined that she suffers from major depression, but recommended she would benefit from vocational training and returning to work. (R. 406).  Thereafter, she underwent another psychiatric evaluation on May 8, 2000, by Robert Mignone.  Dr. Mignone opined she needs short term adjustment counseling for twelve weeks to help her overcome her adjustments to pain and dysfunction and to return to work.  (R. 398)

Plaintiff argues that her assigned GAF scores of 50 and 45 contradict the ALJ's finding that she does not suffer from a severe mental impairment.  However, it was psychologist Tenenbaum

and Dr. Goldman who assigned these GAF scores and both indicated Plaintiff should return to work. Accordingly, I find substantial support for the ALJ's finding that Plaintiff does not suffer from a severe mental impairment.

### 5. *impairments in combination*

Where a claimant alleges several impairments, the Commissioner has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled. *Jones v. Department of Health and Human Services,* 941 F.2d 1529, 1533 (11th Cir. 1991). The Plaintiff maintains the ALJ did not meet this requirement.

In recounting the Plaintiff's medical history, the ALJ noted her complaints about depression, frequent pain and falling, use of a cane, and difficulty concentrating and sleeping. Yet, when examining the entire record, the ALJ concluded that her complaints about her pain and inability to work were "more limited and restricted than is established by the medical evidence and her own statements." R. 18. His finding corresponds with the opinions of the Plaintiff's treating and examining physicians. The ALJ also considered, but discounted for explicit reasons, Plaintiff's depression and alleged severe limitations on her activities of daily living. The ALJ summarized his findings by concluding Plaintiff suffers from an "impairment or combination of impairments considered 'severe' based on the requirements in the Regulations 20 CFR § 416.920(b)." R. 20. Implicitly, the ALJ also found that some of the Plaintiff's alleged impairments, such as her migraine headaches and difficulty sleeping, were not severe. An impairment is "not severe" if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *See Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); SSR 85-28 (1985). I

find the ALJ considered the Plaintiff's impairments in combination as required by the regulations (*see* R 20, finding #2).

> *6. obesity*

Finally, the Plaintiff asserts the ALJ failed to consider her obesity. She admits that obesity was not an alleged impairment, however suggests the ALJ should have considered it along with her alleged impairments since the medical evidence consistently notes her morbid obesity. As the Commissioner notes, the severity of a disability must be measured in terms of its effect on the ability to work. The Plaintiff has not shown how her obesity interfered with her ability to perform work activities. She argues that the ALJ should have analyzed Dr. Chen's observation that she has "difficulty with tandem walk, secondary to pain complaints and her size." The ALJ specifically considered Dr. Chen's assessment and referred to it in concluding Plaintiff retains the residual functional capacity to return to light work. *See* R. 20.

> *D. Conclusion*

For the reasons stated, it is

ORDERED:

1. The Plaintiff's complaint is dismissed and the Clerk is directed to enter judgment for the Commissioner.

DONE AND ORDERED at Tampa, Florida on this 6th day of September, 2006.

*[signature: Mark A. Pizzo]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc:     Counsel of record